FILED
United States Court of Appeals
Tenth Circuit

January 15, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEO COLUMBUS BRAY,

　　　　　Plaintiff-Appellant,

v.

STATE OF OKLAHOMA ex rel.
OKLAHOMA DEPARTMENT OF
PUBLIC SAFETY; BOB A. RICKS;
GARY ADAMS; JERRY CASON;
GEORGE GREEN; G.D.
THORNBERRY; MIKE THOMPSON;
DOUG GRIFFITH; BOB GRIFFITH;
KEVIN WARD,

　　　　　Defendants-Appellees.

No. 06-6361
(D.C. No. CIV-03-1562-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

　　　Plaintiff Leo Columbus Bray appeals from the district court's grant of

summary judgment to defendants on his claims of racial discrimination and

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

retaliation arising from his demotion during his employment with the Oklahoma Highway Patrol. He also appeals from the district court's denial of his motion for reconsideration and request for leave to file amended motion for reconsideration with request for evidentiary hearing. Although he was represented by counsel in the district court, he appears pro se on appeal. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The parties are familiar with the facts. Mr. Bray, an African-American, was first promoted at work, and then was demoted and eventually terminated from employment.[1] The district court thoroughly reviewed the evidence and the governing law, concluding that Mr. Bray failed to present evidence tending to show that his demotion was based on racial discrimination or retaliation and granting summary judgment to defendants.

We review a grant of summary judgment de novo, using the same legal standard the district court applied. *Young v. Dillon Co.*, 468 F.3d 1243, 1249 (10th Cir. 2006). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[1] Mr. Bray's claim arising from his termination was dismissed for failure to exhaust administrative remedies in an order filed on March 29, 2006. He does not challenge that dismissal on appeal.

We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence that would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986). Accordingly, summary judgment is appropriate against any party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We review the district court's denial of Mr. Bray's postjudgment motions for abuse of discretion. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

We have carefully examined the parties' briefs, the record, and the district court's orders in light of the governing law. We conclude that the district court correctly decided this case, and we affirm for substantially the same reasons as those thoroughly explained in the district court's orders entered on November 7 and December 5, 2006.

AFFIRMED.

Entered for the Court


Stephanie K. Seymour
Circuit Judge

-3-